# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**KITSCH LLC,**
a Delaware limited liability company,

       *Plaintiff*,

**v.**

**HUSEYIN OZCAN**,
an individual,

       *Defendant*.

**Case No.**

**JURY TRIAL DEMANDED**

# COMPLAINT AND
# DEMAND FOR JURY TRIAL

Plaintiff, Kitsch LLC ("Kitsch") by and through its undersigned counsel, for its Complaint herein states as follows.

## I.   PARTIES

1.     Plaintiff Kitsch is a limited liability company organized under the laws of Delaware, having a principal place of business at 5301 Rosewood Avenue, Los Angeles, California 90004.

2.     Upon information and belief, Defendant Huseyin Ozcan is an individual having an address of Fulya Mahallesi Tosunsk, Tosun 2 apt, no.6/6 34394 Sisli Istanbul/Turkey.

## II.   JURISDICTION AND VENUE

3.     This is a civil action seeking damages and injunctive relief for copyright infringement arising under the Copyright Laws of the United States, Title 17, United States Code and tortious interference under the law of the State of Michigan.

4.     This Court has subject matter jurisdiction over Plaintiff's copyright claims under 28 U.S.C. § 1338 (copyright) and 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) because these claims form part of the same case or controversy.

5.     This Court has personal jurisdiction over Defendants because Defendants continuously engage in substantial sales and other business transactions

in this district. Personal jurisdiction is also proper under Fed. R. Civ. P. 4(k)(2) as Defendant is located outside of the U.S. and is not subject to jurisdiction in any state's courts of general jurisdiction. Personal jurisdiction is also proper in this District because Defendant has consented to jurisdiction "in any judicial district in which Amazon may be found," which includes this District. *See* Exhibit A.

6.     Venue is proper in this district pursuant to 28 U.S.C. §1400(a).

## III.    BACKGROUND

7.     Kitsch is a leading accessories manufacturer that sells products and tools directed to fashion. For example, Kitsch products include hair ties, headbands, and jewelry, including rings, necklaces, earrings, and other fashion accessories. Kitsch also offers many varieties of bar shampoo and conditioner, including a rice water protein shampoo bar. Today, Kitsch products can be found in over 2,000 locations worldwide and have been sold to large retailers such as Nordstrom, Anthropologie, Free People, Kitson, Urban Outfitters, Paper Source, W Hotels, Francesca's and more. Kitsch additionally sells its products online such as by operating an e-commerce website and through Amazon.com which serves thousands of retail customers worldwide.

8.     On October 25, 2023, Kitsch obtained a copyright registration for its Christmas themed yard design called "Rice Water Protein Photograph." This registration was assigned Registration Number VA 2-367-809. Below is a copy of

the deposit material that was submitted to the Copyright Office in connection with

this Registration:



This photograph shall be referred to as the "Kitsch Copyright." A true and correct

copy of Registration VA 2-367-809 is attached hereto as Exhibit B.

9.      Defendant offers products on Amazon.com including a rice water

protein shampoo bar. This rice water protein shampoo bar is referred to by Amazon

Standard Identification Numbers ("ASIN") B0CD2G2JH2.

10.      In connection with the sale of his rice water protein shampoo bar,

Defendant has used the following image:



This image shall be referred to as "Defendant's Image." As can be seen, Defendant's Image is an intentional copy and/or substantially similar to the photograph of the Kitsch Copyright and/or derivative works thereof.

### IV.    COUNT 1 – COPYRIGHT INFRINGEMENT

11.    Kitsch realleges the preceding paragraphs as though set forth fully herein.

12.    The Kitsch Copyright is an original work created by and/or for Kitsch.

13.    The Kitsch Copyright work is subject to protection under the Copyright Act, 17 U.S.C. § 101 *et seq.*

14.    Kitsch filed an application for copyright registration with the United States Copyright Office for the Kitsch Copyright, complied with all aspects of the law of copyright, and was granted a registration on October 25, 2023 as registration

number VA 2-367-809 to secure exclusive rights and privileges in and to the copyright of the Kitsch Copyright. (*See* Exhibit B).

15.     Defendant has used a copy and/or derivative work of the Kitsch Copyright as show in Paragraph 10, above.

16.     Defendant's photograph is an intentional copy and/or strikingly similar (or at a minimum substantially similar), and/or are unauthorized derivative works of the Kitsch Copyright. For example, the Kitsch Copyright is provided to the left and a representative image of Defendants' products to the right.



**Kitsch's Copyright**          **Defendant's Photograph**

17.     Defendants have infringed Kitsch's copyright in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501 by at least reproducing, distributing, and/or creating derivative works of such work for commercial gain and/or profit without consent, approval, and/or license from Kitsch.

18.     Defendant's infringement has been and continues to be willful.

19.     By reason of Defendant's acts, Kitsch has suffered and will continue to suffer damage and injury to its business and will sustain substantial loss of revenue and profit.

20.     Defendant has profited and have been unjustly enriched as a result of the infringement of Kitsch's copyrighted work.

21.     Unless enjoined by this court, Defendant will continue to commit the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Kitsch. Kitsch has no adequate remedy at law for Defendant's wrongful acts.

22.     For example, upon information and belief, the search engine and ranking algorithms of Amazon.com consider several factors including text relevancy, availability, price, and sales velocity. Additionally, favorable comments from customers of purchased products may also greatly contribute to future sales. In the event Defendants are not enjoined from selling, their sales will continue to negatively impact Kitsch's sales velocity and comment volume which will irreparably harm Kitsch's marketability on Amazon.com.

23.     Additionally, Kitsch has suffered damages as a direct and proximate cause of infringement and is entitled to such damages in an amount to be determined at trial and/or is entitled to Defendant's profits attributable to the infringement,

pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

24.     Kitsch is further entitled to its attorney fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## V.     DEMAND FOR RELIEF

In accordance with the foregoing, Plaintiff respectfully demands that this Court enter judgment:

A.     Preliminarily and permanently enjoining Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority of Defendant from manufacturing, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling any materials that are substantially similar to the copyrighted work;

B.     Directing the destruction of any infringing articles pursuant to 17 U.S.C. § 503;

C.     Compelling Defendant to account to Kitsch for any and all profits derived by it from its illegal acts complained of herein;

D.     Disgorgement of profits;

E.     For an award of Kitsch's costs incurred in this action, including an award of reasonable attorney fees under 17 U.S.C. §§ 505 and/or 512(f);

F.     For an award of Kitsch's damages arising out of Defendant's acts;

G.     For an award of damages under 17 U.S.C. § 504 for copyright violations;

L.     For an award of interest, including pre-judgment interest on the foregoing sums; and

M.     For such other and further relief as the Court may deem just and appropriate.

## VI.   DEMAND FOR JURY TRIAL

Kitsch respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

    /s/ Rebecca J. Cantor
Mark A. Cantor (P32661)
Rebecca J. Cantor (P76826)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com
        rcantor@brookskushman.com

Dated:  October 31, 2023

*Attorneys for Plaintiff*